## PLUNKETT v. PLUNKETT.
No. 35532.

Supreme Court of Oklahoma.

Sept. 15, 1953.

Smith & Rogers, Tulsa, for plaintiff in error.

C. R. Nixon, Tulsa, for defendant in error.

ARNOLD, Justice.

Appellant filed suit for divorce, division of property, alimony, child custody and support money for the child. The defendant answered and cross petitioned asking for divorce.

Each alleged grounds for divorce against each other.

In the course of the trial the plaintiff withdrew her demand for divorce and instead thereof asked for separate maintenance.

At the trial the testimony of the parties went into detail as to their marital life, property accumulated, the character of work done by each of them during coverture, etc. They each showed grounds of divorce against the other.

At the conclusion of the trial and in consideration of all the testimony introduced by both parties the court found that each had been guilty of acts constituting grounds for divorce; that the situation between the parties and the good of society demanded that a divorce be granted and in conformity with this determination granted the defendant a divorce; that the plaintiff should have the household furniture free and clear; that she should likewise have the homestead subject to the unpaid portion of the mortgage thereon; that the defendant should pay her $350 which the trial judge determined necessary in order to make the division of the property equal; that no alimony should be allowed; that an attorney's fee of $250 should be paid by the defendant to plaintiff's attorney and that he should pay the costs of the action; and that he should also pay $75 a month for the support of the minor child; that the earning capacity of the parties, she a teacher and he a partner in a laundry establishment, was about equal.

'All the foregoing findings of fact and conclusions of law are amply sustained by the testimony. The plaintiff urges that the judgment should be reversed and vacated because it is contrary to the great weight of the evidence, is grossly unjust and because the trial judge looked at the business building or property that the defendant had an interest in.

■■ Both of the parties are well educated persons and as indicated above the district judge heard the detailed testimony covering the entire marital relationship of the parties. We cannot say as a matter of law that the judgment or decree is clearly against the weight of the evidence. In a divorce action if the judgment entered is in all respects equitable it is not necessary that alimony be decreed and it is not reversible error for a trial judge to exercise the discretion of looking at the property which has been described to him during the course of the trial. Like a jury who views the premises during the course of the trial a trial judge may take into consideration such things as are visible and which have a relationship to the determination of the value thereof.

Affirmed.